UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) No. 2:19CR130-PPS |
| LAVONYA BANKS, | ) |
| Defendant. | ) |

## OPINION AND ORDER

LaVonya Banks is serving a prison term of 57 months on her conviction for possession with intent to distribute heroin and cocaine. [DE 237.] According to the Federal Bureau of Prisons' website, Banks' projected release date is December 12, 2023. I have received a handwritten letter from Banks, acting pro se, in which she seeks a reduction of her sentence of imprisonment by one year. [DE 253.] Banks represents that her ability to complete the Residential Drug Treatment Program (which would earn her a one year reduction in her prison term) is thwarted because a detainer by the State of Indiana prevents her from being placed in a halfway house where she could finish the final step of the RDAP. [*Id*.] Banks also complains that the Indiana detainer is affecting her receipt of First Step Act credits as well. [*Id*.]

To the extent Banks asks me to second-guess the computation of her sentence, I am unable to do so. The Bureau of Prisons, by delegation from the Attorney General, is vested with the authority to determine credit toward a sentence of imprisonment; the sentencing court has no such authority. See *United States v. Wilson*, 503 U.S. 329, 333-34 (1992); *United States v. Iverson*, 90 F.3d 1340, 1344-45 (8th Cir. 1996); *United States v. Moore*, 978 F.2d 1029, 1031 (8th Cir. 1992).

I am also unable to alter Banks's sentence to replicate the benefit of the RDAP. The Court's authority to change or reduce a sentence previously imposed is strictly

limited under Rule 35 of the Federal Rules of Criminal Procedure and 18 U.S.C. §3582(c). Banks has not invoked the statute, but in any event I do not find the impact of the Indiana detainer to constitute "extraordinary and compelling reasons" for a reduction of sentence, nor has Banks demonstrated that she has exhausted possible remedies from the warden of her facility, both of which are requirements of §3582(c)(1)(A)(i). Because neither the applicable rule or statute allows a reduction of sentence for the reasons cited by Banks here, the Court lacks the authority to alter her sentence in the manner she requests. Banks' efforts to complete the RDAP are commendable, and I understand that the roadblocks to its ultimate reward are frustrating. But as the sentencing judge, I cannot grant Banks a substitute remedy.

**ACCORDINGLY:**

LaVonya Banks' letter received November 15, 2022 [DE 253] is construed as a motion for reduction of sentence and is DENIED.

The Clerk is directed to mail a copy of this order to LaVonya Banks at the correctional institution from which she sent her letter.

**SO ORDERED**.

ENTERED: November 16, 2022.

/s/ Philip P. Simon
UNITED STATES DISTRICT JUDGE